NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

GELAB COSMETICS LLC,

               Plaintiff,

    v.

GUANGZHOU UNIQUE (YOUYIDE)
TECHNOLOGY CO, LTD.,

               Defendant.

Civil Action No.: 22-7617

**ORDER & JUDGMENT**

**CECCHI, District Judge.**

Before the Court is plaintiff Gelab Cosmetics LLC's ("Plaintiff") motion for default judgment against defendant Guangzhou Unique (Youyide) Technology Co, Ltd. ("Defendant"). ECF No. 27. Defendants have not appeared in this case or otherwise responded to the motion. The Court decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons set forth below, Plaintiff's motion is **GRANTED.**

**WHEREAS** Defendant manufactures gel nail lamps that harden gel nail polish. Compl. ¶ 1. Plaintiff sells gel nail polish products through Amazon.com. *Id.* ¶ 8. In accordance with two purchase agreements, Defendant supplied gel nail lamps to Plaintiff from January 2020 to July 2020. *Id.* ¶ 1. Plaintiff alleges that Defendant breached the purchase agreements because the supplied lamps were defective and did not comply with quality standards. *Id.* ¶ 2; and

**WHEREAS** Federal Rule of Civil Procedure 55 authorizes a district court to enter a default judgment against a defendant who has been properly served and has failed to answer or respond to the pleadings. *See* Fed. R. Civ. P. 55. Obtaining a default judgment is a two-step process. First, when a party has failed to plead or otherwise defend, the clerk must enter that party's default. Fed. R. Civ. P. 55(a). Once the Clerk enters default, a plaintiff may move for a default judgment. Fed.

R. Civ. P. 55(b).  Here, the Clerk entered default on April 30, 2024, so the Court will address Plaintiff's motion on the merits; and

**WHEREAS** "[b]efore entering default judgment, the Court must address the threshold issue of whether it has personal jurisdiction and subject matter jurisdiction over the parties." *Prudential Ins. Co. of Am. v. Bramlett*, No. 08-cv-119, 2010 WL 2696459, at *1 (D.N.J. July 6, 2010).  Then, "the Court must determine (1) whether there is sufficient proof of service, (2) whether a sufficient cause of action was stated, and (3) whether default judgment is proper[.]" *Teamsters Health & Welfare Fund of Phila. & Vicinity v. Dubin Paper Co.*, No. 11-7137, 2012 WL 3018062, at *2 (D.N.J. July 24, 2012) (citations omitted).  In making these determinations, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 n.6 (3d Cir. 2005) (quoting *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990); and

**WHEREAS** as an initial matter, the Court must "look into its jurisdiction both over the subject matter and the parties." *Ramada Worldwide Inc. v. Benton Harbor Hari Ohm, L.L.C.*, No. 05-cv-3452, 2008 WL 2967067, at *9 (D.N.J. July 31, 2008) (citation omitted).  Diversity subject matter jurisdiction exists when "the matter in controversy exceeds the sum or value of $75,000" and there is diversity of citizenship.  28 U.S.C. § 1332(a).  Diversity may be met when a citizen of one state is adverse to a "citizen[ ] or subject[ ] of a foreign state."  28 U.S.C. § 1332(a)(2).  A corporation is deemed a citizen of "every State and foreign state by which it has been incorporated" and of the "State or foreign state where it has its principal place of business."  28 U.S.C. § 1332(c). Here, Plaintiff represents that it is a citizen of New Jersey.  Compl. ¶ 3.  Defendant is "a business entity based in China, with its place of business at 5 Minxing Street, Luogang Community,

Building D-4, Room 1625, Huangpu District, Guangzhou, Guangdong, China." *Id.* ¶ 4.  Further, Plaintiff seeks more than $75,000 in damages.  ECF No. 27-1 ¶ 3; and

**WHEREAS** the Court also has personal jurisdiction over Defendants.  Plaintiff represents that "Defendant purposely directed its businesses activities at the State of New Jersey and the breach of contract claim arises from Defendant's forum-related conducts. Further, Defendant regularly conducts, transacts and solicits business in the State of New Jersey and derive[s] substantial revenue from conducting its business in New Jersey."  ECF No. 1 ¶ 6.  These representations are sufficient to establish personal jurisdiction on a motion for default judgment. *See Victory's Dawn, Inc. v. Clemons*, No. 21-9744, 2022 WL 3402491, at *3 (D.N.J. Aug. 12, 2022) ("On a motion for default judgment, the Court takes as true all well-pleaded jurisdictional allegations in the Complaint to assess whether Plaintiffs have made a prima facie showing of personal jurisdiction."); and

**WHEREAS** Plaintiff has provided sufficient proof of service.  Given that Defendant is a foreign entity located outside the United States, service of process is governed by Rule 4(h)(2) and Rule 4(f).  Fed. R. Civ. P. 4.  Rule 4(h)(2) and Rule 4(f)(1) permit foreign entities to be served "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." *Id.*  The Hague Convention[1] provides that the plaintiff may forward the documents with a request for service to the designated authority ("Central Authority") in defendant's home country.  Hague Convention, Art. 3.  The Central Authority then may arrange for service by a method prescribed by its internal law. *Id.* Art. 5.  Here, the Central Authority, the High People's

---

[1] *See* Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, 20 U.S.T. 361, T.I.A.S. No. 6638, 658 U.N.T.S. 163 (Feb. 10, 1969) ("Hague Convention").

Court of Guangong Province, confirmed that they successfully served the documents in accordance with the Civil Procedure Law of the People's Republic of China.  ECF Nos. 20, 27-6; and

**WHEREAS** the Court next finds that Plaintiff has clearly established a breach of contract claim under New Jersey law.  Plaintiff certifies that on May 19, 2020, and June 1, 2020, Plaintiff and Defendant entered into two purchase agreements, under which Plaintiff purchased 40,000 UV LED gel nail lamps.  ECF No. 27-1 ¶ 4.  The agreements required that the products conform to "UL-859 industry safety standards for household electronic personal grooming appliances."  *Id.* ¶ 5.  The agreements also included a liquidated damages clause that required Defendant to compensate Plaintiff at a rate of five times the purchase price for each defective product, and if more than five percent of the delivered units were found to be defective, the damages multiplier would increase to ten times the purchase price.  ECF Nos. 27 at 1–2, 27-1 ¶ 13, 27-2.  Plaintiff received and fully paid for 14,000 units.  *Id.* ¶ 6.  Due to defects in the products, Plaintiff was forced to dispose of 3,907 units at its own cost.  *Id.* ¶ 7–12.  Given these facts, taken as true, Plaintiff has sufficiently shown "(1) the existence of a valid contract; (2) a breach of that contract; and (3) resulting damage to the plaintiff."  *CDK Glob., LLC v. Tulley Auto. Grp., Inc*., 489 F. Supp. 3d 282, 312 (D.N.J. 2020); and

**WHEREAS** three factors govern whether default judgment is proper:  "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct."  *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000).  First, the Court finds that Plaintiff will suffer prejudice without default judgment as it will have "no alternative means of vindicating its claims other than filing for a default judgment."  *West Trenton Hardware, LLC v. Brooklyn Textiles, LLC*, No. 21-17662, 2024 WL 4263209, at *7 (D.N.J. Sept. 23, 2024) ("When a defendant fails to respond to a plaintiff's

claims, the plaintiff will be prejudiced absent a default judgment because [the] plaintiff will be left with no other means to vindicate [its] claims.") (internal quotations and citations omitted). Second, "because [Defendants] [have] not answered or otherwise appeared in this action, the Court was unable to ascertain whether [they] [have] any litigable defenses." *Tryg Ins. v. C.H. Robinson Worldwide*, Inc., No. 15-5343, 2017 WL 11491955, at *3 (D.N.J. Nov. 28, 2017) (quoting *Prudential Ins. Co. of Am. v. Taylor*, 2009 WL 536403, at *1 (D.N.J. Feb. 27, 2009)). Finally, Defendants' delay appears to be the result of their own conduct, considering Plaintiff effected service on October 11, 2023, but Defendants have yet to appear or otherwise respond. ECF No. 20; *see also York Int'l Corp. v. York HVAC Sys. Corp.*, No. 09-3546, 2010 WL 1492851 (D.N.J. Apr. 14, 2010) (holding that failure to respond is culpable conduct and indicates no meritorious defense). Accordingly, the Court finds the entry of default judgment to be appropriate; and

**WHEREAS** Plaintiff requests liquidated damages in the amount of $393,390.49. ECF No. 27-2 ¶ 13. Plaintiff was forced to dispose of 3,907 defective units, which exceeds the agreed-upon 5% defect threshold—3,907 of 40,000 units is roughly 9.8%. ECF No. 27 at 8–9. The unit price was RMB 73.4. Applying a ten-times multiplier, total damages equal RMB 2,867,738.00, which Plaintiffs certify converts to approximately $393,390.49 USD. *Id.*; ECF No. 27-1 ¶ 13; and

**WHEREAS** the Court will not award Plaintiff's requested attorney's fees or litigation costs. "[A] party's asserted right to attorneys' fees is a matter of substantive state law." *Chin v. Chrysler LLC*, 538 F.3d 272, 279 (3d Cir. 2008). "Under New Jersey law, '[a] prevailing party can recover counsel fees if expressly allowed by statute, court rule, or contract.'" *Sandhills Glob., Inc. v. Garafola*, No. 19-20669, 2020 WL 1821422, at *14 (D.N.J. Apr. 10, 2020) (quoting *Empower Our Neighborhoods v. Guadagno*, 183 A.3d 275, 283 (N.J. Super. Ct. App. Div. 2018)). Here, the contracts attached to Plaintiff's submissions do not expressly allow recovery of

attorney's fees and Plaintiff does not provide a proper legal basis demonstrating its entitlement to attorney's fees. *See Falato v. Fotografixusa, L.L.C.*, No. 09-5232, 2013 WL 3873260, at *2 (D.N.J. July 25, 2013) (denying request for attorney's fees in motion for default judgment where plaintiffs provided no legal basis for recovery of attorney's fees). Instead, Plaintiff argues that the Court should exercise its inherent authority to award fees as a sanction for Defendant's evasion of service of process and bad faith failure to participate in the case. *See* ECF No. 30 at 2–3 (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 35 (1991)). The Court already has, however, addressed Defendant's conduct by awarding Plaintiff default judgment. Further, Plaintiff identifies no authority suggesting that an award of attorney's fees is an appropriate additional sanction in the default judgment context. Rather, cases advise against awarding attorney's fees as sanctions under these circumstances. *See, e.g.*, *Johnson v. Soal, Inc*., No. 17-342, 2020 WL 13538468, at *3 (E.D. Ky. July 31, 2020). Under the circumstances presented, the Court finds no basis to impose additional sanctions to safeguard integrity of the courts." *Chambers*, 501 U.S. at 44. Therefore, Plaintiff's request for attorney's fees is denied; and

**WHEREAS** the Court will award pre-judgment interest in the amount of $60,298.65. "For contract claims, the Court refers to the prejudgment interest rate outlined in New Jersey Court Rule 4:42-11(a)(ii)." *Amba v. Rupari Food Servs., Inc*., No. 10-4603, 2016 WL 6471019, at *4 (D.N.J. Oct. 31, 2016). Rule 4:42-11 sets forth the interest rates for each year and further requires that 2.0% be added to the interest rate if the judgment exceeds "the monetary limit of the Special Civil Part," which is currently $20,000. *See* N.J. Ct. R. R. 4:42-11(a)(iii). Because the statutory interest rate changes annually, the calculation must use the rate in effect for each specific year since the accrual date, not a single rate applied retroactively. *See Amba*, 2016 WL 6471019, at *4. Plaintiff asserts—and the Court agrees—that the accrual date is October 27, 2022. ECF No. 29 ¶ 20; *Amba*,

2016 WL 6471019, at *4 ("[T]he trial court, in its discretion, determines the date on which prejudgment interest starts to accrue in a contract case."). According to the Plaintiff's calculations, which are based on these rules, the Court will award pre-judgment interest in the amount of $60,298.65 as of December 9, 2025; and

**WHEREAS** the Court will award post-judgment interest on the total judgment amount. *See* ECF No. 29 ¶¶ 15–24. *Travelers Cas. & Sur. Co. v. Ins. Co. of N. Am.*, 609 F.3d 143, 157 (3d Cir. 2010) (affirming the district court's award of post-judgment interest on pre-judgment interest and noting that an award of post-judgment interest is governed by 28 U.S.C. § 1961(a)). The post-judgment interest will accrue starting upon the entry of this Order in accordance with § 1961. *See id*. at 175 ("[P]ost-judgment interest on a particular award only starts running when a judgment quantifying that award has been entered.").

Accordingly, **IT IS** on this 22nd day of December, 2025,

**ORDERED** that Plaintiff's motion for default judgment (ECF No. 20) is **GRANTED** as to its request for liquidated damages, pre-judgment interest, post-judgment interest; and **DENIED** as to its request for attorney's fees and litigation costs; and it is further

**ORDERED** that judgment is hereby entered in Plaintiff's favor and against Defendant in the amount of $453,689.14—which includes $393,390.49 of liquidated damages and $60,298.65 of pre-judgment interest—plus post-judgment interest to accrue from the date of this judgment at the rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of this Judgment; and it is further

**ORDERED** that the Clerk of Court shall mark this matter **CLOSED.**

**SO ORDERED.**

*/s/ Claire C. Cecchi*

**CLAIRE C. CECCHI, U.S.D.J.**